Brady, J.
The petitioner is a stockholder of the Erie Railway Company, and seeks permission to ex *269 amine the books of the receiver, his contracts and his accounts.
The apolicationjuste npon urave charges which the petitioner alleges have been made against the receiver in regard to the execution of the trust, and the examination "sought seems to be "prompted by them anda desire to know whether they are correct.
The receiver is an officer of the court, and the books, contracts, and accounts relating to his connection with the road are in custodia legis—in the custody of the law; and, therefore, in this court to all intents and purposes. He is the trustee of all the owners of the bonds and stocks, and of the creditors of the company, and these owners are his cestuis que trust.
What he does should be done openly, unless the interests of the estate with which he is invested demand privacy, a circumstance which must rarely occur. His management is therefore for the cestuis que trust, who are bondholders, stockholders and v creditors,, and they are entitled to an inspection of his j books, papers and accounts relating to his receivership, I and it should be allowed on all reasonable applications > made for the purpose.
This privilege arises from his position as an officer of the court and the necessary publicity of all legal records. He should, however, neither be harassed nor burdened by such applications, arid when oppressed by either of these incidents, would doubtless be justified in seeking protection by refusing to grant the unreasonable importunity, and leave the applicant to his relief by petition. He should not be subjected either, at any time, to purely inquisitive or fishing expeditions, either in single file or by a multitude of bondholders, or stockholders, or creditors congregated, while he should not, as suggested, resist or refuse a reasonable application made by one of the cestuis que trust, for the inspection described. These principles *270 seem to be so plain that the statement of them only is necessary.
» A receiver’s relation to the persons designated dif¡i fers from that of the officers of the company, who are ; temporarily deposed through the ministration of the ¡ law, into the custody of which the company eo nomine | and its assets have passed. It is the court, then, | which gives sanction to his acts, on application for ji that purpose, or removes him when he violates his duty, and that fact is duly established.
When, therefore, a charge is made against the receiver, or there is reasonable ground shown for interference, the court should not hesitate to direct that an inspection be allowed.
The receiver should not hesitate, unless for special circumstances to be presented to the court, to allow the examination.
His transactions are generally made after application to the court, as already suggested, and the papers relating to them are quasi public records, and clearly under the control of the court appointing him.
| It follows necessarily, therefore, that the petition | presented herein, if it rests on proper considerations, ,¡ should be granted so far as it relates to the books, ;j accounts and contracts of the receiver, as contradistin- : guished from those of the company prior to his ap 6 pointment, unless some good reason exists why that liberty should not be given. The petition herein presented is considered sufficient for that purpose, and no good reason is shown why it should not be granted. If the books of the company eo nomine, aside from those containing the transactions of the receiver, are to be inspected, it must be accomplished in some other mode not necessary .now to be considered.
The petitioner must be confined, however, to the books, accounts and papers in the office of the company in this district, and he must be confined to such *271 times for examination as will not interfere with the business of the corporation. The books and papers, in other words, must be treated in regard to their examination as if deposited with the clerk of the court, and subject to such control as would not interrupt the business of his office or prevent resort to the books by other persons. The object of these restrictions is to prevent any abuse of the right to be exercised and thus to protect the receiver from undue importunity.
I have thus expressed my views briefly, but not without much consideration of the subject.
The order to be settled on two days’ notice.